**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CRIMINAL NO. 1:02-CR-0295-01** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **STEVEN ALLISON SMITH** | : | |

## <u>ORDER</u>

AND NOW, this 2nd day of September, 2008, upon consideration of

defendant's motion (Doc. 575) for *nunc pro tunc* amended judgment, and it

appearing that the motion requests a reduction in defendant's sentence by the

amount of time that he was in custody from March 2, 2003 until February 3, 2005

pursuant to a federal detainer and writ of habeas corpus *ad prosequendum*, and that

defendant is presently incarcerated at the Federal Correctional Institution–

Bennettsville, in Bennettsville, South Carolina, and the court concluding that

defendant's motion challenges the duration of his confinement and is therefore

properly presented as a petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2241 before the district embracing the state wherein he is incarcerated, <u>see</u>

<u>Dorsey v. Holt</u>, No. 1:CV-05-1259, 2006 WL 2261314, at *2 (M.D. Pa. Aug. 7, 2006)

("The proper vehicle for challenging the determination of sentence credit by the

[Federal Bureau of Prisons ("BOP")] is a petition for relief under 28 U.S.C. § 2241 in

the district where the defendant is imprisoned."); <u>see also</u> <u>United States v. Allen</u>,

124 F. App'x 719, 721 (3d Cir. 2005) (reiterating that challenges to BOP's sentence

calculation must be brought in the district where the petitioner is incarcerated), it is

hereby ORDERED that the motion (Doc. 575) is DENIED without prejudice to

defendant's right to file his request as a petition for writ of habeas corpus with the

United States District Court for the District of South Carolina.[1]


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1]The court has previously addressed a similar request by defendant.  On February 7, 2005, defendant filed a motion to reduce his sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure.  He contended that he should receive credit toward his sentence for time served between May 15, 2003 and February 3, 2005, which is encompassed by the period at issue in the present motion.  The court denied defendant's request because the time was properly credited toward an unsatisfied state sentence imposed in an unrelated matter.  (See Doc. 482.)  Whether this decision has preclusive effect on a habeas petition is an issue properly addressed by a court hearing such a petition.  Accordingly, the court expresses no opinion regarding the this preclusion issue.